ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:07-CR-162-O-(1) |
| | § | |
| DANIEL P. DALY (1) | § | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Daniel P. Daly, the defendant, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Daly understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Daly waives these rights and pleads guilty to the offense alleged in Count One of the indictment. Count One charges a violation of 18 U.S.C. § 2252(a)(2), that is, Receipt of Child Pornography. Furthermore, in addition to the guilty plea to Count One, Daly pleads true to Count Three, the forfeiture allegation. Daly understands the nature and elements of the

Plea Agreement - Page 1

crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

    a. imprisonment for not less than five (5) years and not to exceed twenty (20) years;

    b. a fine not to exceed $ 250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of at least five (5) years up to any term of years to life, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d. mandatory special assessment of $ 100.00;

    e. restitution to victims or to the community, which may be mandatory under the law, not limited to that arising from the offense(s) of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture of the property described in the Indictment.

4. **Court's sentencing discretion and role of the Guidelines:** Daly understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Daly has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Daly will not be allowed to withdraw his plea if his sentence

is higher than expected. Daly fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory Special Assessment:** Prior to sentencing, Daly agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Daly shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities. Upon demand, Daly shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The government will advise the Court of the extent of Daly's cooperation.

7. **Government's agreement**: The government will not bring any additional charges against Daly based upon the conduct underlying and related to Daly's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. If Daly has provided substantial assistance in the investigation or prosecution of others, the government may file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion.

8. **Forfeiture:** Daly agrees the property alleged as subject to forfeiture in Count Three as a result of his conviction on Count One of the Indictment shall be forfeited to the United States in accordance with 18 U.S.C. § 2253. Daly agrees to the forfeiture of his interest in all the property described in Count Three of the Indictment, agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the property, and agrees to take all steps requested by the government to pass clear title to the property, including the execution of documents necessary to transfer title or any other interest he holds in the property. Daly consents to the entry of orders of forfeiture for the property, including pursuant to Rule 32.2(b)(3), a final order prior to sentencing. Daly agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

9. **Violation of agreement**: Daly understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Daly for all offenses of which it has knowledge. In such event, Daly waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Daly also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.     **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**: Daly waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Daly, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

12.     **Representation of counsel**: Daly has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Daly has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.  Because he concedes that he is guilty, and after conferring with his lawyer, Daly has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Limitation of Agreement:** This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Daly or any property.

14. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 3rd day of April, 2008.

Daniel P. Daly
Defendant

RICHARD B. ROPER
UNITED STATES ATTORNEY

ALEX C. LEWIS
Assistant United States Attorney
State Bar of Missouri No. 47910
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX 76102-6897
Telephone: 817.252.5200
Facsimile: 817.978.3094

Warren St. John
Attorney for Defendant

Mark Nichols
Deputy Criminal Chief

Plea Agreement - Page 6

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     __4-3-08_____
Daniel P. Daly                                      Date


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     __4-3-08_____
Warren St. John                                   Date
Attorney for Defendant