# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 4:07-CR-162-O (01) |
|  | U.S. Marshal's No.: 36867-177 |
| DANIEL P. DALY | Alex Lewis, Assistant U.S. Attorney |
|  | J. Warren St. John, Attorney for the Defendant |

On April 10, 2008, the defendant, DANIEL P. DALY, entered a plea of guilty to Count One of the Three-Count Indictment filed on October 17, 2007. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography | September 10, 2005 | One |

The defendant is sentenced as provided in pages two through four of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

Upon motion of the Government, Count Two is dismissed as to this defendant only.

The defendant shall pay immediately a special assessment of $100 for Count One of the Three-Count Indictment filed on October 17, 2007.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. fully paid.

Sentence imposed August 14, 2008.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed August 19, 2008.

## IMPRISONMENT

The defendant, DANIEL P. DALY, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of NINETY-SEVEN(97) months for Count One of the Three-Count Indictment filed on October 17, 2007.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of LIFE for Count One of the Three-Count Indictment filed on October 17, 2007.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer conducting ongoing monitoring of his/her computer(s). The monitoring may include the installation of hardware and/or software systems which allows evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct preliminary computer search prior to the installation of software. The monitoring software may be disabled or removed at any time during the term of supervision at the discretion of the probation officer;

not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer;

not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer;

not maintain or create a user account on any social networking site (i.e. MySpace.com, Facebook.com, Adultfriendfinder.com, etc) that allows access to minors under the age of 18, or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile of users under the age of 18;

not posses or use removable media configured with bootable operating systems;

not use or possess any gaming consoles (including, but not limited to Xbox, PlayStation, Nintendo), or devices without prior permission from the probation officer;

not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online;

not access any service or use any software which allows for direct peer to peer contact which may include chat rooms, file sharing, or other similar activity without permission from the probation officer;

participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month;

neither possess nor have under his/her control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use;

register as a sex-offender with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, and is a student, providing all information required in accordance with state registration guidelines, with initial registration being completed within three business days after release from confinement. The defendant shall provide written verification of registration to the probation officer within three business days following registration and renew registration as required by his probation officer. The defendant shall, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction and inform that jurisdiction of all changes in the information required in the sex-offender registry;

not use any computer or computer-related equipment owned by his/her employer except for the strict benefit of his employer in the performance of his/her job-related duties;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties.  The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

provide the probation officer with accurate information about his/her entire computer system.  The defendant's email shall only be accessed through a pre-approved application;

not install new hardware, perform upgrades, or effect repairs on his/her computer system without receiving prior permission from the probation officer;

use or own any device which allows Internet access other than authorized by the U.S. Probation Office.  This includes, but is not limited to, PDA's, electronic games, and cellular/digital telephones; and,

participate in a program (inpatient and/or outpatient) approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance abuse, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment and contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

## FORFEITED PROPERTY

As the result of his plea of true to Count Three of the Three-Count Indictment, the defendant, DANIEL P. DALY, shall forfeit the following to the Department of Homeland Security, Customs and Border Protection pursuant to U.S.S.G. 5E1.4:

(a)   One Samsung hard drive 80 Gigabyte hard drive, ID# 0429J1FW463049;
(b)   One Memorex Mini Travel Drive USB 2.0;
(c)   One PNY Technologies Attache Thumb drive, 512M;
(d)   All visual depictions described in 189 USC § 2252 located on the referenced hard disc drives and thumb drives.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

_____
United States Marshal

BY  _____
Deputy Marshal