IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:07-CR-162-O |
| DANIEL P. DALY (01) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY SUPERVISED RELEASE

The United States of America, by and through the undersigned Assistant United States Attorney, files this response in opposition to the defendant's Motion to Modify Supervised Release.  For the reasons stated below, the defendant's motion should be denied.

On April 10, 2008, the defendant pled guilty to an indictment charging him with one count of receipt of child pornography.  The conviction stemmed from an investigation into a subscription-based child pornography website.  PSR ¶ 19.  Agents investigating the site determined that Daly was a subscriber who had paid for access to online child pornography.  PSR ¶ 19-21.  Agents obtained a search warrant for Daly's computer and discovered hundreds of photos and videos of child pornography stored on a hard drive and a thumb drive.  PSR ¶ 24.  During his interview with agents, Daly admitted that he used the internet to view and download child pornography.  PSR ¶ 25.  He also admitted to travelling to Thailand to partake in sex tours and told agents that he planned to retire in Thailand.  PSR ¶ 25.  The defendant's collection of child

**Government's Response to Defendant's Motion- Page 1**

pornography consisted primarily of prepubescent females under the age of 10 engaged in sexual acts.  PSR ¶ 29.  Daly was ultimately sentenced to a term of 97 months imprisonment to be followed by a lifetime term of supervised release.

In his motion, Daly argues that his term of release should be reduced because he has successfully completed nearly six years of his supervised release.  He seeks a reduction to a term that would be equal to the time he has already served, or in the alternative, a reduction to a definite term of less than life[1].  But Daly's behavior demonstrates that Daly should remain on supervised release for life.

18 U.S.C. § 3583(e)(l) permits a court to modify or terminate a term of supervised release at any time after the expiration of one year of supervision.  Before modifying or terminating a term of supervised release, however, "the court must be 'satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Perry,* 397 F. App'x 521, 522 (5th Cir. 2010) (quoting 18 U.S.C. § 3583(e)(l)).  "Early termination is not warranted as a matter of course; on the contrary, it is only occasionally justified due to changed circumstances of a defendant, such as exceptionally good behavior."  *United States v. Sheckley,* WL 701370 at *1 (2d Cir.1997).  Mere compliance with the terms of supervised release, absent "changed circumstances of the defendant, such as exceptionally good behavior," is generally insufficient to justify early termination.  *See United States* v. *Reisner,* No. 4:06-CR-077-

---

[1] In his request for a definite term of years, Dally suggests that the Court reduce his sentence to 10 years.

**Government's Response to Defendant's Motion- Page 2**

SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.") *Id.* (citation and internal quotation marks omitted).  In evaluating a motion for early termination, a court must also consider the factors set forth in 18 U.S.C. § 3553(a)(l), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  18 U.S.C. § 3583(e).

Here, Daly makes two arguments for the early termination of his release.  First, he points to the holding in *United States v. Alvarado*, 691 F.3d 592, 598 (5th Cir. 2012) stands for the proposition that lifetime terms of supervised release cannot be imposed absent "careful consideration of the specific facts and circumstances of the case [before the sentencing court.]"  But he does not allege, much less produce any evidence, that this Court failed to "carefully consider the specific facts and circumstances of the case" before imposing Daly's sentence.  This argument, therefore, has no merit.

Daly also argues, at much greater length, that his term of release should be reduced because only that he has complied with the terms of his supervised release.  He claims that he reports to his probation officer on time, has consistently tested negative for drugs, and has successfully completed a sex offender program.  These actions, while positive, do not demonstrate "exceptionally good behavior."  Instead, Daly is merely doing what the Court expected him to do while on supervised release.  His mere compliance with the conditions of his release do not merit a reduction in his term of release.

**Government's Response to Defendant's Motion- Page 3**

In contrast, the relevant factors in 18 U.S.C. 3553(a) mitigate strongly in favor of keeping Daly on a lifetime term of supervision.  Daly was convicted of committing a crime of violence against children. 18 U.S.C. § 3156(a)(4)(C).   He has a sexual interest in prepubescent children as evidenced by his paid subscription to a child pornography website and his storage of hundreds of images of child pornography. In addition, Daly admitted to agents that he had traveled to Thailand on many occasions for adult sex tours, and that he planned on retiring in Thailand.

Not only does the nature of Daly's criminal conduct prove that he has a prurient sexual interest in prepubescent minors, but his own admissions provide frightening insight about what he would do were he no longer bound by restrictions.   Continued supervision is necessary to ensure that Daly does not seek sexual gratification from children in the future.

In child exploitation cases such as this one, supervised release is designed to ensure that a defendant receives sex offender treatment, and also to protect vulnerable children in the community.   Even if the defendant has been successful so far in his outpatient sex offender treatment, counseling needs to continue for his benefit and the benefit of the public.

Daly is currently being supervised by United States Probation Officer Carrie Treat. USPO Treat is aware of the Daly's request and does not support the termination of his supervised release.   The government believes the Court's original sentence already

accounted for all of the relevant factors, and nothing has changed to alter the necessity of lifetime term of supervised release.

WHEREFORE, the United States respectfully requests that this Court deny the defendant's motion for any modification of his supervised release.

Respectfully Submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Alex C. Lewis*
ALEX C. LEWIS
Assistant United States Attorney
Missouri State Bar No. 47910
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:    817-252-5455

CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, I electronically filed the foregoing Government's Response with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The above instrument was served upon pro se defendant Daniel P. Daly, via first-class mail to 316 Spring Valley Circle, Azle, Texas 76020, in accordance with the provisions of Rule 49 of the Federal Rules of Criminal Procedure.

*/s/ Alex C. Lewis*
ALEX C. LEWIS
Assistant United States Attorney