IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Criminal Action No. 4:07-cr-00162-O |
| § | |
| DANIEL P. DALY, § | |
| § | |
| Defendant. § | |
| § | |

## ORDER

Before the Court are Defendant Daniel P. Daly's Motion to Modify Supervised Release (ECF No. 46), filed September 21, 2020; the Government's Response (ECF No. 48), filed October 14, 2020; and Defendant's Reply (ECF No. 50), filed November 2, 2020.

### I.     BACKGROUND

On April 4, 2008, Daly pleaded guilty to one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). On August 14, 2008, the undersigned sentenced Daly to 97 months' imprisonment, followed by a lifetime term of supervised release, and ordered him to pay a $100.00 special assessment. Daly completed his term of imprisonment in November 2014 and immediately began his term of supervised release. To date, Daly has completed approximately six years of his lifetime term of supervised release. Daly moves to modify his period of supervised release under 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(c) and waives the hearing. ECF No. 46. The Government opposes the modification. ECF No. 48. Probation recommends continued supervision in this case. *Id.* at 4.

## II.     LEGAL STANDARD

A district court has considerable discretion to terminate or modify terms of supervised release after considering the factors set forth in 18 U.S.C. § 3553(a)(l), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)). 18 U.S.C. § 3583(e)(1)–(2).

For termination of supervised release under 18 U.S.C. § 3583(e)(1), a court may terminate supervised release at any time after the expiration of one year if "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See United States v. Polydore*, 493 F. App'x 496, 502 n.7 (5th Cir. 2012). "Section 3583(e)(1) confers broad discretion" on the district court. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). For the interests of justice to favor termination, a defendant should show "any exceptional circumstances to justify the Court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." *United States v. Hartman*, No. 3:00-cr-228-B(01), 2013 WL 524257, at *3 (N.D. Tex. Jan. 18, 2013), *report and recommendation adopted*, No. 3:00-cr-228-B(01), 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *see also United States v. Guidry*, No. 3:19-cr-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior.") (quoting *United States v. Jones*, Crim. A. No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013)). "[C]ompliance with the terms of supervision and with the law is not enough to warrant termination." *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013); *see United States v. Pittman*, No. 3:15-cr-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020).

**III.    ANALYSIS**

The Court liberally construes Daly's Motion as two-fold: (1) a request for early termination of the terms of supervised release and, alternatively, (2) a request to reduce the length of his supervised release to ten years.[1] After reviewing the motion, briefings, applicable law, and presentence investigation report, and considering the factors set forth in 18 U.S.C. § 3553(a)(l), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court finds neither early termination nor reduction of the length of supervised release warranted here.

To support termination, Daly points to changes in Fifth Circuit case law and policy from the Sentencing Commission and the Judicial Council on Criminal Justice as "new or exceptional circumstances[.]" *See* Mot. 6–12, ECF No. 46; *see also Hartman*, 2013 WL 524257, at *3. In doing so, Daly instead seeks relief primarily based on studies of post-conviction sex offender recidivism which he argues are "exceptional circumstances" in the environment surrounding the policy underlying supervised release. *See* Mot. 6–12, ECF No. 46. But a showing of exceptional circumstances must be based on the conduct of Daly himself to warrant termination. *See* 18 U.S.C. § 3583(e)(1) (stating that the court must be satisfied that early termination is "warranted by the *conduct of the defendant.*") (emphasis added). And compliance with the terms of supervised

---

[1] The Court agrees with Daly that the Fifth Circuit has found plain error when a district court "automatically defaults to the imposition of a lifetime term" for supervised release. *United States v. Alvarado*, 691 F.3d 592, 598 (5th Cir. 2012). However, no such automatic imposition occurred here; the Court carefully considered the specific facts and circumstances of Daly's case. *Id.* In reaching the length of Daly's supervised release, the undersigned considered and weighed the relevant factors under 18 U.S.C. § 3553(a) including the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. *See* ECF Nos. 43, 44.

release, alone, is insufficient to show exceptional circumstances warranting termination. *Jones*, 2013 WL 2417927, at *1 ("[C]ompliance with the terms of supervision and with the law is not enough to warrant termination."). Accordingly, the Court will deny Daly's motion to terminate his terms of supervised release.

The Court also concludes that the section 3553 factors, excluding section 3553(a)(2)(A), weigh against reduction of Daly's period of supervised release. Given the nature and scope of his offense, the pattern of over two years of viewing child pornography, his possession of more than 2000 images of child pornography, and his prurient interest in prepubescent children, early termination would not be in the interest of justice. *See* PSR ¶¶ 29, 35; 18 U.S.C. § 3583(e)(1). Though the Court deems positive Daly's completion of the sexual offender treatment and continued polygraphs showing refrain from sexual deviancy, the Court, in its discretion, finds that he, and the public at large, would benefit from his continued supervision and continued counseling. *See* 18 U.S.C. § 3583(e)(1). Accordingly, the Court will deny Daly's motion to reduce his period of supervised release.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Daniel P. Daly's Motion to Modify Supervised Release (ECF No. 46). Although Daly appears to be on the right track, the Court finds that completion of his full term of supervised release appropriately reflects the seriousness of his offense, promotes general deterrence, and provides needed structure for his continued rehabilitation.

**SO ORDERED** on this **20th day** of **January, 2021.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**